```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
                                     :
ELIOT S. SASH and JOYCE R.           :
GARLAND-SASH,                        :
                                     :
                  Plaintiffs,        :
         v.                          :   08 cv 4032 (BSJ)(HP)
                                     :   Opinion & Order
EVE ROSAHN, ESQ., as an Individual,  :
and in her capacity as the           :
Supervising Attorney for the Parole  :
Revocation Unit of Defendant The     :
Legal Aid Society, THE LEGAL AID     :
SOCIETY OF NEW YORK, and             :
DOES #1 - #25,                       :
                                     :
                  Defendants.        :
                                     :
                                     :
------------------------------------ X
```

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

In this case, *pro se* plaintiffs Eliot Sash and Joyce Garland-Sash sue Eliot Sash's former attorney, Eve Rosahn, and her employer, the Legal Aid Society,[1] for legal malpractice and various related claims.

Defendants move to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted. Because the motion relies on

---

[1] Although Plaintiffs include as Defendants various unnamed individuals, the Complaint, even when read liberally, does not state causes of action against those Defendants. Furthermore, Plaintiffs have failed to produce any evidence regarding these Defendants, and does not appear, in papers pursuant to this motion, to develop or maintain claims against them. The Court will therefore construe the Complaint to be read only against Rosahn and the Legal Aid Society. Any claims against unidentified Defendants are hereby DISMISSED.

materials outside the amended complaint, the Court converts the motion to one for summary judgment pursuant to Fed.R.Civ.P. 56.[2]

## BACKGROUND AND ALLEGATIONS

Plaintiffs bring a variety of claims stemming from Rosahn's legal representation of Sash at an April 2005 parole revocation hearing, during which Sash pled guilty with explanation to violations of conditional release.

The Court construes Plaintiffs' Complaint to state claims of legal malpractice, defamation, and intentional and/or negligent infliction of emotional harm.[3]

Specifically, Sash alleges that Rosahn committed malpractice in ineffectively representing him at a 2005 parole revocation hearing (including allegations that Rosahn failed to move to suppress certain evidence potentially relevant to the hearing, that Rosahn arranged with officers of the court to "fix" the hearing against Sash, and that Rosahn abaondoned representation of Sash following the hearing), defamed Sash in

---

[2] In Defendants' Notice of Motion to Dismiss the Complaint, they included a document entitled "Notice to Pro Se Litigant Who Opposes a Rule 12 Motion Supported by Matters Outside the Pleadings," which stated, in part, that Defendants had submitted with their motion "additional written materials," that "the Court may treat this motion as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure," and that "the claims you assert in your complaint may be dismissed without a trial if you do not respond to this motion by filing sworn affidavits or other papers as required by Rule 56(e)." Plaintiffs subsequently responded to Defendants' motion by submitting additional written materials. In light of this notice, which satisfies Local Rule 56.2, and Plaintiffs motion in opposition and accompanying submissions, this Court converts Defendants' motion to one for summary judgment pursuant to Rule 56.

[3] The Complaint does not state a cause of action under s.1983. Even if such a claim had been developed, it would fail, as Rosahn was not acting under color of law while serving as Sash's attorney. *See* 42 U.S.C. § 1983 (requiring that defendant acted under color of state law); *see also Polk County v. Dodson*, 454 U.S. 312, 318-20 (1981) (holding that defense attorneys, even public defenders, are not acting under color of law pursuant to section 1983 when representing clients in criminal cases); *Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir.2004) (same). Moreover, merely alleging that a conspiracy existed between Rosahn and various officers of the Court is insufficient to state a claim under s.1983. The mere use of the term "conspiracy" coupled with vague allegations and conclusions does not transform a private actor into a state actor for purposes of Section 1983 and is clearly insufficient to satisfy even Rule 12(b)(6). *See Ciambriello*, 292 F.3d at 324 ("A merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity."). Here, where the motion has been converted into one for summary judgment, the Plaintiff has not submitted any evidence indicating that Rosahn acted under state color, and so the Court will not construe the Complaint to bring a claim under s.1983.

conversation with officers of the Court following the hearing, and intentionally or negligently inflicted emotional harm on Plaintiff Sash therein.[4]

On January 17, 2003, Plaintiff Sash was sentenced to a term of one to three years following a guilty plea on a second-degree forgery charge. Sash was placed on conditional release in January of 2005. In February 2005, Sash was arrested at his wife's residence in New Jersey for violation of his conditional release (leaving the state of New York without permission).

On April 4, 2005, at a parole revocation hearing, Sash pled guilty with explanation to violating the conditions of his release. Rosahn, then an employee of the Legal Aid Society of New York, represented Sash during that hearing and provided the explanation to the charges as requested by Sash.

Directly following the hearing Rosahn spoke with the administrative law judge and the parole specialist, during which conversation transcripts indicate that Rosahn stated, "thank you for biting your tongue," and "I had to bite my tongue," Comp. paras. 41-42. The Complaint alleges that these statements referred to Sash.

Following his plea, Sash received a time assessment of three months plus time already served in custody on the parole violation. As a result, Sash was re-incarcerated.

Sash now claims that his parole revocation hearing was "fixed" and brings claims against his counsel, Rosahn and the Legal Aid Society, for legal malpractice, defamation, and intentional or negligent infliction of emotional harm.

**STANDARD OF REVIEW**

---

[4] Plaintiff Garland-Sash also attempts to state various claims, but those causes of action (e.g. loss of consortium, Comp. para. 1), to the extent they are sustainable, derive solely from Plaintiff Sash's own claims against Defendants. Because, as discussed below, Plaintiff Sash's claims fail, the Court need not address the merits of Plaintiff Garland Sash's claims; these claims are DISMISSED. Moreover, for the sake of clarity, reference to the singular "Plaintiff" in this order refers only to Sash.

As stated above, this motion has been converted from a motion for judgment pursuant to Rule 12(b)(6) to a motion for summary judgment pursuant to Rule 56. Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "An issue of fact is genuine if 'the evidence is such that a jury could return a verdict for the nonmoving party.' " *Gayle v. Gonyea,* 313 F.3d 677, 682 (2d Cir.2002) (quoting *Anderson v. Liberty Lobby,* 477 U.S. 242, 248 (1986)). An issue is material if it has a chance of affecting the outcome of the suit. *See Anderson,* 477 U.S. at 248. "The party seeking summary judgment has the burden of demonstrating that no genuine issues of material fact exist." *Jeffreys v. Rossi,* 275 F.Supp.2d 463, 473 (S.D.N.Y.2003) (citing *Marvel Characters, Inc. v. Simon,* 310 F.3d 280, 286 (2d Cir.2002)). In reply, the non-moving party must demonstrate that a genuine issue of fact does exist, and must produce admissible evidence in support of its allegations. *See id.* at 473; *see also First Nat'l Bank of Arizona v. Cities Serv. Co.,* 391 U.S. 253, 189 (1968). Conclusory statements, or "the 'mere existence of a scintilla of evidence' supporting the non-movant's case," is not sufficient to defeat a motion for summary judgment. *Niagara Mohawk Power Corp. v. Jones Chem., Inc.,* 315 F.3d 171, 175 (2d Cir.2003) (quoting *Anderson,* 477 U.S. at 252). Because the weighing of evidence and the drawing of inferences from the affidavits are functions of the jury, in the summary judgment phase the court must draw all inferences and construe all evidence in favor of the non-moving party. *See Anderson,* 477 U.S. at 255; *Niagara Mohawk,* 315 F.3d at 175.

Finally, where, as here, the plaintiff brings an action *pro se*, the complaint must be construed liberally, and the plaintiff cannot be held to the same high standards applicable to practicing lawyers. *See Haines,* 404 U.S. at 520; *Tarka v. Greenfield Stein & Senior, LLP,* No. 00 Civ. 1262, 2000 WL 1121557, at *4 (S.D.N.Y. Aug. 8, 2000). "Because Plaintiff is acting *pro se,* the Court must 'read his supporting papers liberally, and ... interpret them to raise the strongest arguments that they suggest.'" *Quiles v. City of New York,* No. 01 Civ. 10934, 2003 WL 21961008, at *3 (S.D.N.Y. Aug. 13, 2003) (quoting *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir.1994)). "However, 'legal conclusions, deductions, or opinions couched as factual allegations are not given a presumption of truthfulness.'" *Black v. Town of Harrison,* No. 02 Civ.2097, 2002 WL 31002824, at *3 (S.D.N.Y. Sept. 5, 2002) (quoting *L'Europeenne de Banque v. La Republica de Venez.,* 700 F.Supp. 114, 122 ((S.D.N.Y.1988)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." *Bell Atlantic v. Twombly,* No. 05-1126, 2007 WL 1461066, at *8 (U.S. May 21, 2007) (internal quotation omitted).

## DISCUSSION

*Legal Malpractice*

Plaintiff Sash bases his claim of legal malpractice on Rosahn's conduct in representing him during the parole revocation hearings. Sash asserts that Rosahn refused to move for suppression of certain evidence, "fixed" the hearing against him, and abandoned representation of Sash subsequent to the conclusion of the hearings.[5]

---

[5] Allegations of Rosahn's "negligence" are encompassed in the claim for legal malpractice.

Generally, the "elements of legal malpractice under New York law are: (1) a duty, (2) a breach of the duty, and (3) proof that the actual damages were proximately caused by the breach of the duty." *Nobile v. Schwartz,* 265 F.Supp.2d 282, 288 (S.D.N.Y.2003) (citing *Ocean Ships, Inc. v. Stiles,* 315 F.3d 111, 118 (2d Cir.2002)); *see also Tinelli v. Redl,* 199 F.3d 603, 606 (2d Cir.1999) (citing *Marshall v. Nacht,* 569 N.Y.S.2d 113, 114 (2d Dep't 1991)).

However, "[t]o state a cause of action for legal malpractice arising from negligent misrepresentation in a criminal proceeding, plaintiff must allege his innocence or a colorable claim of innocence of the underlying offense." *Sash v. Dudley*, No. 05-cv-7498, 2006 WL 997256, at **2 -3 (S.D.N.Y. April 17, 2006); *Carmel v. Lunney,* 518 N.Y.S.2d 605, 607 (1987). It is well established under New York law that "so long as the determination of [a plaintiff's] guilt for that offense remains undisturbed, no cause of action will lie." *Id.* A guilty plea will therefore generally preclude a defendant from lodging a malpractice claim against his defense lawyer. *See Scanio v. Palmiere & Pellegrino,* 674 N.Y.S.2d 527, 528 (4th Dep't 1998); *see also Estes v. Doe,* No. 97 Civ. 8133, 1999 WL 983886, at *4 (S.D.N.Y. Oct. 29, 1999). "Thus, a criminal defendant cannot even state a claim for legal malpractice until his conviction is overturned or vacated." *Smith v. Morgenthau,* No. 95 Civ. 4159, 2001 U.S. Dist. LEXIS 15690, at *8 (S.D.N.Y. June 8, 2001). Public policy prevents maintenance of a malpractice action against a defense attorney if a criminal defendant cannot assert his innocence. "This is so because criminal prosecutions involve constitutional and procedural safeguards designed to maintain the integrity of the judicial system and to protect criminal defendants from overreaching governmental actions. These aspects of criminal proceedings make criminal

malpractice cases unique, and policy considerations require different pleading and substantive rules." *Carmel,* 518 N.Y.S.2d at 607.

Sash's guilty plea has not been overturned or vacated. The Complaint itself states that Sash "committed a technical violation of parole by leaving the State of New York without permission of Parole." (Comp. para. 18.) In his Opposition to Defendant's motion for dismissal, Sash argues that the underlying parole revocation was vacated by an ex parte Order to Show Cause that Sash submitted to the Supreme Court, New York County (Justice York) on September 30, 2005. However, as Defendants show, the ex parte Order to Show Cause made no ruling on the parole revocation; it set a date for a later determination of Sash's motion. (Pl. Opp'n Ex. B; Def. Reply Affirm.) Justice York then transferred the matter to the Appellate Division for the First Judicial Department. (Def. Motion Ex. F.) No vacatur was entered. None of Plaintiffs allegations pertaining to legal malpractice – those concerning general "negligence," violation of ethical rules,[6] failure to move for suppression,[7] abandonment of counsel,[8] or derogatory comments made to Court officers – overcomes this fact under the circumstances.

---

[6] Violations of ethical rules do not create a private right of action. *See Kaufman v. Gramham & James,* 269 A.D.2d, 71 (1st Dep't 2000). While they may be considered towards a legal malpractice claim, Plaintiff has neither provided sufficient evidence that these ethical violations actually occurred, nor shown a reason, even if they had occurred, why Plaintiff's inability to show innocence or vacatur of the guilty plea would be obviated.

[7] Plaintiff's allegations related to the failure to move for suppression of evidence (Comp. para. 27.) does not alter the analysis here. Even if Plaintiff could prove, as it does not appear that he could, that 'but for' the action of his counsel he would have invoked the Fifth Amendment or succeeded in suppressing evidence, this would not give rise to a cause of action for legal malpractice unless Plaintiff could assert his innocence. *See Sash v. Schwartz,* 2007 WL 30042, at *7 (S.D.N.Y. 2007); *Carmel,* 70 N.Y.2d at 173, 518 N.Y.S.2d 605, 511 N.E.2d 1126. ("But, because [a criminal defendant who has pled or been found guilty] cannot assert his innocence, public policy prevents maintenance of a malpractice action against his attorney.")

[8] The variety of abandonment described by the Complaint does not cure Plaintiff's claim. *See Sash v. Schwartz,* 2007 WL 30042, at *1 (S.D.N.Y.,2007) (ruling against Plaintiff Sash on malpractice claim based in part on abandonment where Plaintiff could not dispute prior guilty plea).

Therefore, Plaintiff's claim for legal malpractice is DISMISSED. Defendants' motion for summary judgment on this claim is hereby GRANTED.

*Defamation*

Plaintiff further alleges defamation arising out of statements made by Rosahn during and after Plaintiff's parole revocation hearing. There is no material issue of fact underlying this claim, and it may therefore be decided as a matter of law.

"Under New York law, the elements of a defamation claim are a false statement, published without privilege or authorization to a third party, constituting fault and it must either cause special harm or constitute defamation per se." *Peters v. Baldwin Union Free School Dist.,* 320 F.3d 164, 169 (2d Cir.2003) (citation omitted); *see also Albert v. Loksen,* 239 F.3d 256, 265-66 (2d Cir.2001) (spoken defamation is slander and "[t]he elements of a cause of action for slander under New York law are (i) a defamatory statement of fact, (ii) that is false, (iii) published to a third party, (iv) of and concerning the plaintiff, (v) made with the applicable level of fault on the part of the speaker, (vi) either causing special harm or constituting slander per se, and (vii) not protected by privilege" (citation omitted)).

At the parole revocation hearing, Sash pled guilty with an explanation to the charge of violating the conditions of his release, at which time Rosahn provided mitigating factors to the court on Sash's behalf. Following the hearing, Rosahn made the above-described statements to various court officers (stating that she had to "bite her tongue" in representing Sash). (Comp. para. 35; Def. Motion Ex. D.)

To the extent that Sash seeks to base a claim of defamation on words spoken by Rosahn during the hearing, those words are privileged and cannot give rise to an

actionable claim here. *Shernoff v. Soden*, 266 Fed.Appx.,12, 12 (2d Cir. 2008); *Park Knoll Assocs. v. Schmidt*, 59 N.Y.2d 205, 464 N.Y.S.2d 424, 451 N.E.2d 182, 184 (1983) ("[A] lawyer has immunity for defamatory words spoken in a judicial proceeding[.]").

To the extent that Sash seeks to base a claim of defamation on Rosahn's statements to the administrative law judge and the parole specialist, those statements are protected expressions of opinion, not defamatory assertions of fact of or concerning Sash, and cannot give rise to a claim of defamation. *See Shernoff v. Soden*, 266 Fed.Appx., 12, 12 (2d Cir. 2008); *Celle v. Filipino Reporter Enters. Inc.*, 209 F.3d 163, 177-79 (2d Cir.2000).

Moreover, Plaintiff has provided no evidence of damage suffered as a result of Rosahn's statements or that the words spoken qualified as slander per se.

Defendants' motion for summary judgment on this claim is therefore GRANTED and Plaintiff's claim of defamation are DISMISSED.

*Infliction of Emotional Harm, Intentional and Emotional*

The Complaint also alleges intentional and negligent infliction of emotional harm based on the events that transpired at the parole revocation hearing. (Comp. paras, 1, 35.)

Under New York law, to prove intentional infliction of emotional distress, Plaintiff must plead: (1) an extreme and outrageous act by Defendants; (2) with an intent to cause severe emotional distress; (3) a causal connection between the conduct and the injury; and (4) severe emotional distress. *See Bender v. City of New York*, 78 F.3d 787, 790 (2d Cir.1996); *accord Haque v. Am. Airlines, Inc.*, No. 08-CV-5246, 2008 WL 5110852, at *5 (S.D.N.Y. Nov.26, 2008).

Likewise, to state a cause of action for negligent infliction of emotional distress, the Plaintiff must allege that the Defendants' conduct was extreme and outrageous. *Campoverde v. Sony Pictures Entm't,* 2002 U.S. Dist. LEXIS 18347, *40 (S.D.N.Y.2002) ("plaintiffs must allege conduct that 'was so outrageous and extreme as to support a claim for emotional distress,' which is the same standard used in intentional infliction of emotional distress cases") (quoting *Acquista v. New York Life Ins. Co.,* 285 A.D.2d 73, 82, 730 N.Y.S.2d 272 (N.Y.App.Div.2001)); *Dillon v. City of New York,* 261 A.D.2d 34, 41, 704 N.Y.S.2d 1 (N.Y.App.Div.1999) ("We have applied the same standard to both the intentional and negligence theories of emotional distress ... [which] must be clearly alleged for the pleadings to survive dismissal.").

The standard for alleging "extreme and outrageous conduct" is "rigorous, and difficult to satisfy," because the conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Id.* (internal citations omitted).

The transcripts provided by the parties clearly establish the material facts underlying this claim, (Def. Motion Ex. D.), and a decision may therefore be made as a matter of law. At worst, Defendant was indiscreet in conversation. Even drawing all reasonable inferences in Plaintiff's favor, the incident does not rise to the level of "extreme and outrageous" conduct, and therefore no claim for infliction of emotional harm, intentional or negligent, can be maintained.

Defendants' motion for summary judgment on this claim is GRANTED and Plaintiff's claim for intentional or negligent infliction of emotional harm is hereby

DISMISSED.

**CONCLUSION**

For the reasons set forth above, Defendants' motion for summary judgment is GRANTED and all claims brought by the Plaintiffs are DISMISSED. The Clerk of the Court is directed to close this case.

**SO ORDERED:**

_____
Barbara S. Jones
**UNITED STATES DISTRICT JUDGE**

Dated:    New York, New York
          June 16, 2009